IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00036-CV

 

Rodger Zimmerman,

                                                                      Appellant

 v.

 

Glacier Guides, Inc. 

and Jimmie Rosenbruch, Individually,

                                                                      Appellees

 

 

 



From the County Court at Law No. 1

McLennan County, Texas

Trial Court # 20020319 CV1

 



CONCURRING Opinion



 

          Rodger
Zimmerman sued Glacier Guides, Inc., an Alaskan corporation, and Jimmie
Rosenbruch, the president of Glacier Guides, individually, for a refund of
almost $20,000 Zimmerman paid to Glacier Guides for a hunt that never took
place.[1]  Glacier Guides and Rosenbruch filed a special
appearance.  After a hearing, the trial
court sustained the special appearance and dismissed the case with prejudice.

          The
following jurisdictional acts[2]
alleged by Zimmerman present the best case scenario for his assertion of
jurisdiction over Glacier Guides and Rosenbruch:

1.       Zimmerman
picked up an issue of The Alaskan Professional Hunter in 1997 at a Safari Club
Meeting in either Dallas or Houston.  

 

2.       In
it, he saw what appeared to Zimmerman to be an advertisement for Glacier
Guides.

 

3.       Four
years later, in 2001, Zimmerman saw Rosenbruch at a convention in Nevada, and while in Nevada, scheduled a hunt and made a down payment of
$12,000 toward the total cost of the hunt.

 

4.       Thirty
days before the scheduled hunt, Zimmerman received a call from Rosenbruch
asking for the remaining balance of approximately $7,000 for which Zimmerman
had already written a check and placed in the mail.

 

5.       Zimmerman
attended at least twenty conventions in Texas and never saw Rosenbruch at one of those Texas conventions until Rosenbruch was served with
this lawsuit at a Houston convention in 2001.

 

          Zimmerman
does not allege that The Alaskan Professional Hunter was available for
subscription or that he had ever received it by subscription.  He does not contend that Texas has general jurisdiction over Glacier Guides
and Rosenbruch but contends, instead, that specific jurisdiction exists.

          Applying
this best case scenario to the law established by the United States Supreme
Court and the Texas Supreme Court, Texas cannot exercise specific jurisdiction over
Glacier Guides or Rosenbruch.  See Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 472-476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); BMC Software Belg., N.V. v. Marchand, 83
S.W.3d 789, 795-797 (Tex.
2002).  Thus, the trial court did not err
in sustaining Glacier Guides’ and Rosenbruch’s special appearance and dismissing
the case with prejudice.

Response to
New Opinion[3]

          The
Court takes the long way around Lacefield.  Lacefield
v. Elec. Fin. Group, 35 S.W.3d 755 (Tex. App.—Waco 2000, no pet.).  First, I disagree that it says what they now
try to make it say.  But if that is what
it says, it was wrongly decided and should be overruled.  See
Vega v. State, 84 S.W.3d 613, 625-29
(Tex. Crim. App. 2002) (Keller, P.J., dissenting); State v. Toney, 979 S.W.2d 642, 645-48 (Tex. Crim. App. 1998)
(Keller, J., concurring).  The entire
discussion of stare decisis is not on point because there is no new authority
from a higher court or the legislature after Lacefield that causes us to change the result.  It was just wrong if we limited the source of
the “allegations” to the petition.

          Finally,
the Court’s discussion of, and reliance on, Kawasaki
Steel is misplaced.  Kawasaki Steel Corp. v. Middleton, 699 S.W.2d
199 (Tex. 1985).  Kawasaki Steel is about jurisdictional
allegations in the context of service of process under the long arm
statute.  It is not about jurisdiction
under Rule 120a.

          Thus,
I concur only in the result reached by the Court.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Concurring
opinion delivered and filed November 10, 2004

 











[1] The
ability to make it to the hunt was prevented by the no flight restrictions
after September 11, 2001.

 





[2] We
pause to briefly note that the term “facts” is used by some courts but the
Texas Supreme Court in Siskind uses
the term “acts” when discussing jurisdictional allegations.  See
Siskind v. Villa Found. for Educ., Inc.,
642 S.W.2d 434, 437-38 (Tex.
1982).  We use the term “act” here
because it is more precise than the term “fact.”





[3] On
July 7, 2004, the Court
issued an opinion to which I concurred. 
It was withdrawn on September 1,
 2004.